# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JUAN LOPEZ-TOLENTINO,

    Petitioner,

    v.

WARDEN, NOBLE CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:20-CV-1745
JUDGE GEORGE C. SMITH
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis* with an attached prison account statement. (ECF No. 1.) Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED**.

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." If it does so appear, the petition

must be dismissed. *Id*. Applying these standards, it is **RECOMMENDED** that this action be **DISMISSED**.

## I. BACKGROUND

Petitioner challenges his November 6, 2017 convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas to four counts of rape, three counts of sexual battery, and one count of attempted sexual battery. On November 27, 2017, the trial court imposed a sentence of six and one half years' incarceration. Petitioner did not file an appeal. On April 10, 2019, he filed a motion to withdraw his guilty plea. On April 17, 2019, the trial court denied the motion. Petitioner filed a timely appeal, asserting the following claims:

> I. The trial court erred and abused its discretion when it knowingly or not accepted the blatant lie made by the State's memorandum contra defendant motion to withdraw guilty plea.
>
> II. The trial court erred when it entered judgment against the defendant for allied offenses.
>
> III. The trial court erred and abused its discretion/depriving a fair post-sentence hearing due to prosecutorial misconduct.
>
> IV. The trial-court erred when denied effective assistant of counsel.
>
> (Sic passim.)

*State v. Lopez-Tolentino*, 10th Dist. No. 19AP-280, 2019 WL 6242292, at *1 (Ohio Ct. App. Nov. 21, 2019). On November 21, 2019, the appellate court affirmed the trial court's judgment. *Id*. On March 3, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Lopez-Tolentino*, 158 Ohio St.3d 1424 (Ohio 2020).

On April 6, 2020, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the appellate court wrongly affirmed the trial court's denial of his motion for a new trial "when it knowingly accepted that there is no record evidence to support

the trial court's abuse of discretion when the trial court knowingly accepted a blatant lie . . . made by the State's memorandum contra defendant's motion to withdraw guilty plea" (claim one); that he was convicted on allied offenses (claim two); prosecutorial misconduct (claim three); and ineffective assistance of counsel and court-appointed translators/interpreters (claim four).

## II. PETITION NOT SIGNED BY PETITIONER

Rule 2(c)(5) of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that a petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Petitioner has failed to comply with this procedural requirement. He did not sign the petition. Instead, it has been signed by one "Erby A. Torres," an "acquaintance," indicating that "Petitioner is of Mexican decent and does not speak or write the [E]nglish language. That is [the] reason Petitioner is not signing this petition." (ECF No. 1-1, PAGEID # 32.) Even if Petitioner had complied with this procedural requirement, however, plainly, this action is time-barred.

## III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) on December 27, 2017, thirty days after the judgment of sentence, when the time period expired to file a timely appeal. *See Board v. Bradshaw*, 805 F.3d 769, 772 (6th Cir. 2015); Ohio App. R. 4(A). The statute of limitations began to run on the following day, and expired one year later, on December 28, 2018. Petitioner waited more than one year and three months, until March 30, 2020, to execute this habeas corpus petition. (ECF 1-1, PAGEID # 32.) His April 10, 2019 motion to withdraw his guilty plea did not toll the running of the statute of limitations under the provision of § 2244(d)(2), as the statute of limitations had already long since expired. "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Moreover, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that

would justify equitable tolling of the statute of limitations. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (To obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Accordingly, this action is time-barred and must therefore be dismissed.

## IV.　DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED.**

The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o: Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report

and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE