## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JUAN LOPEZ-TOLENTINO,

     Petitioner,                  :     Case No. 2:20-cv-1745

     -vs-                        Judge Sarah D. Morrison
                                  Magistrate Judge Chelsey M. Vascura

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,

                         :

     Defendant.

## <u>OPINION AND ORDER</u>

On April 8, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R")

pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts recommending that this action be dismissed as barred by the one-year statute of

limitations under 28 U.S.C. § 2244(d). (ECF No. 3.) Petitioner has filed an Objection to the

Magistrate Judge's R&R. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted

a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 4) is

**OVERRULED**. The R&R (ECF No. 3) is **ADOPTED** and **AFFIRMED.** This action is hereby

**DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation that this action be dismissed

as time-barred because he speaks and reads only Spanish and the prison where he is incarcerated

does not have an interpreter to assist him or any Spanish legal or reference materials. He argues

that these deficiencies have greatly hindered his ability to follow procedural protocol.

The limitations period set for the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") is not jurisdictional and is subject to equitable tolling. Equitable tolling of the statute

of limitations, however, is granted sparingly in habeas cases. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish entitlement to equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S. 641, 649 (2010). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id; Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751. Rather, these are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker*, No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D. Tenn. Jan. 9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]").

"The mere fact that Petitioner is a Spanish speaker who does not understand English is [also] insufficient to warrant tolling of the one-year period." *Cruz-Rivera v. Palmer*, No. 2:16-cv-13993, 2017 WL 2213573, at *3 (E.D. Mich. May 19, 2017). "[E]quitable tolling may be

justified [only] if language barriers actually prevent timely filing." *Granados v. Cook*, No. 2:16-cv-00879, 2016 WL 4991690, at *3 (S.D. Ohio Sep. 16, 2016) (internal quotations omitted).

> [W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, the lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). "Were this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking. Such a result is contrary to common sense." *Soto v. Birkett*, No. 5:06-CV-54, 2006 WL 2850578, at *7 (W.D. Mich. Oct. 3, 2006 (internal quotations omitted); *see also Cortez v. Petrovsky*, No. 803 CV1482T30MSS, 2006 WL 289113, at *1–2 (M.D. Fla. Feb. 7, 2006) (failure to provide Spanish speaking interpreters to non-English speaking inmates in the Florida prisons does not warrant equitable tolling).

Here, the record does not reflect that Petitioner's lack of proficiency in the English language prevented him from timely filing. Petitioner was sentenced in November 2017. Petitioner took no action to challenge his convictions until April 2019, when he filed a motion to withdraw his guilty plea. He then pursued an appeal of that action to the Ohio Supreme Court. Petitioner has clearly been able to access the courts. Moreover, he does not indicate what, if any, efforts he made to obtain Spanish legal materials or assistance from other prison inmates, prison officials, or outside sources during the time period at issue. Thus, Petitioner has failed to demonstrate that he acted diligently in pursuing relief so as to warrant equitable tolling of the one-year statute of limitations. *See Perez v. Dowling*, 634 Fed. Appx. 639, 645 (10th Cir. 2015) (ruling that a prisoner was not entitled to equitable tolling due to a language barrier where he failed to show diligence); *Aureoles v. Secretary, Dep't of Corr.*, 609 Fed. Appx. 623, 624 (11th

3

Cir. 2015) (holding that a prisoner was not entitled to equitable tolling due to a language barrier where he failed to show what steps he took to educate himself or take action).

For the foregoing reasons, Petitioner's Objection is without merit.

## CERTIFICATIONS

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court next considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S.Ct. 2647, 2650 (2015) (Sotomayor, J., dissenting); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted or without merit. The Court therefore **DECLINES** to issue a certificate of appealability.

   **IT IS SO ORDERED**.

                              /s/ Sarah D. Morrison
                              SARAH D. MORRISON
                              UNITED STATES DISTRICT JUDGE